**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTONIO FERNANDO MARTINEZ,
Petitioner,
vs.
LENARD VARE, *et al.*,
Respondents.

3:06-cv-0026-KJD-VPC

**ORDER**

In this habeas corpus action, on March 15, 2006, the Court entered an Order (docket #4) denying the petitioner's Application to Proceed *in Forma Pauperis* and dismissing the habeas petition.

Petitioner, a Nevada prisoner proceeding *pro se*, filed a Motion to Alter or Amend Judgment (docket #5) and a Notice of Appeal (docket #6).

The basis for the dismissal was petitioner's concession that none of the habeas claims he asserts in this action have been exhausted in state court.

Petitioner has established no basis for alteration of the Court's March 15, 2006 order, under Federal Rule of Civil Procedure 59 or 60. Petitioner's Motion to Alter or Amend Judgment will be denied.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). In that case, the Court stated:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The Court finds that petitioner has not shown that reasonable jurists would find debatable the Court's dismissal of the habeas petition in this action. It is plain to the Court that petitioner has not exhausted any of the claims he asserts in this case, that habeas relief could not conceivably be granted in this case, and that a stay, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) is unwarranted. The Court will therefore deny petitioner a certificate of appealability.

///

///

///

///

**IT IS THEREFORE ORDERED** that petitioner's Motion to Alter or Amend Judgment (docket #5) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a Certificate of Appealability.

**IT IS FURTHER ORDERED** that the Clerk shall process petitioner's appeal.

DATED: February 25, 2008.

UNITED STATES DISTRICT JUDGE